[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15612
Non-Argument Calendar
_____

Agency No. A088-191-275

JANETH LUZMILA MARIN DE TOUTOUNJI,
GEORGES TOUTOUNJI,

                                                                  Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                  Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 18, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Janeth Marin de Toutounji (Marin) and her husband, Georges Toutounji, seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of Marin's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).  Marin, the lead petitioner, asserts the BIA erred in affirming the IJ's adverse-credibility finding and denying her claims.  After review,[1] we deny the petition.

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006).  Conversely, if the applicant relies solely on his testimony, an adverse-credibility determination may alone be sufficient to support the denial of an application.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  A credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the

---

[1] We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 966-67 (11th Cir. 2012).  When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

We review factual determinations, which include credibility determinations, under the substantial-evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006).  We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (quotation omitted).  We will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  *Id.* at 1255 (quotation omitted).  Accordingly, in order for us to conclude that a finding of fact should be reversed, we must determine that the record "compels" reversal.  *Id.* (quotation omitted).

applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports.  8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, an adverse-credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim.  *Id.*

In this case, the BIA's—and to the extent of the BIA's agreement, the IJ's— reasons for the adverse-credibility finding were specific and cogent, and substantial evidence supports the adverse-credibility finding.  *See Ruiz*, 440 F.3d at 1255 (stating when the IJ makes an adverse-credibility finding, the applicant must demonstrate the finding was not supported by "specific, cogent reasons" or was not based on substantial evidence).  Marin's oral testimony was inconsistent with her asylum application, and there was significant inconsistency within her oral testimony.  We have held that just one inconsistency and an omission can merit an adverse-credibility finding, and the record shows two significant inconsistencies that went to the heart of Marin's claims. *See Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240-1241 (11th Cir. 2010) (holding an adverse-credibility determination was supported by substantial evidence and specific and cogent reasons where the applicant's testimony "included at least one internal inconsistency (how old [a

3

petitioner] was when she had [an] abortion) and one omission (identifying data on [an] abortion operations certificate)").  Substantial evidence also supports the BIA's finding that, in light of the adverse-credibility finding, Marin failed to meet her burden of proving eligibility for asylum, withholding of removal, or CAT relief.[2]  Neither Marin's documentary evidence nor her expert testimony presented any independent or objective evidence of persecution or torture that compels a finding that she was eligible for relief.  Thus, in light of the adverse-credibility determination, substantial evidence supports the denial of Marin's asylum, withholding of removal, and CAT relief claims.  *See Forgue*, 401 F.3d at 1287. Accordingly, we deny Marin's petition.

**PETITION DENIED.**

---

[2]  An applicant for asylum must meet the Immigration and Nationality Act's definition of a refugee.  8 U.S.C. § 1158(b)(1). The definition of "refugee" includes:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).  To obtain withholding of removal, an alien must show past persecution or that is more likely than not she would be persecuted in the future on account of one of the five protected grounds.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).  Under CAT, the applicant for relief bears the burden of proving that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c).